IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEVE LUIS VELASQUEZ,<br><br>    Plaintiff,<br><br><br><br><br>    vs.<br><br><br>DELTA AIRLINES, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER CONVERTING DEFENDANT'S MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br>Case No. 2:07-CV-796 TS |

I.  BACKGROUND

Defendant Delta Airlines moves to dismiss the Title VII and §1981 claims brought by Plaintiff Luis Velasquez on the ground that the claims were discharged by the Order confirming Delta's Chapter 11 Plan of Reorganization (Confirmation Order) and, therefore, no action on those claims can proceed in any court.  Delta also contends that, if the claims were not discharged due to lack of notice, Velasquez must proceed to establish that fact in the bankruptcy court.

1

Velasquez concedes his claims arose pre-confirmation and such claims would ordinarily be discharged pursuant to the confirmation of the plan.[1]  But he contends Delta has not established his claims were not discharged for the following reasons.  First, because the Motion is brought under Fed. R. Civ. P. 12(b)(6), he argues the Court cannot consider matters outside the Complaint, such as Delta's Confirmation Order, without converting this motion to one for summary judgment and allowing him discovery.  Second, that he did not receive notice of the claims bar date or confirmation proceedings because he was not listed on the Delta bankruptcy mailing matrix.

There is no dispute that the acts that form the basis of Velasquez' claims of discrimination[2] occurred prior to the April 30, 2007 effective date of the Confirmation Order. A Chapter 11 discharge of claims "includes civil employment actions, even those that are not statutorily ripe because they lack a right-to-sue letter."[3]  However, a claim is not discharged in a Chapter 11 case if it is the claim of a known creditor who was not afforded notice of the claims bar date or confirmation proceedings.[4]  Thus, the issue at this point is

---

[1]Pl.'s Mem. at 8.

[2]Namely, his suspension, loss of personal property, and his eventual return to work without compensation or seniority credit for the time he was suspended.

[3]*Conroy v. Delta Air Lines, Inc.*, 2008 WL 1994830 (S.C. Fla. May 8, 2008) (citing *Kresmery v. Serv. Am.*, Corp., 227 B.R. 10, 13 (D. Conn. 1998) (citing *McSherry v. Trans World Airlines*, 81 F.3d 739, 740 (8th Cir.1996))).

[4]*Dalton Development Project #1 v. Unsecured Creditors Committee (In re Dalton)*, 948 F.2d 678, 683  (10th Cir. 1991) (citing *Reliable Electric Co., Inc. v. Olson Construction Co.*, 726 F.2d 620, 623 (10th Cir. 1984)).

2

whether Velasquez received notice of Delta's bankruptcy claims bar date or confirmation proceedings.

## II.  MATTERS OUTSIDE THE PLEADINGS

Delta is correct that courts may consider matters outside the pleadings in motions brought under Rule 12(b)(1).

> As a general rule, Rule 12(b)(1) motions to dismiss for lack of jurisdiction take one of two forms: (1) facial attacks; and (2) factual attacks. Under a facial attack, the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true. In a factual attack such as we have here, however, the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends.[5]

Where, "[t]here is no overlap between the cause of action and the jurisdictional section, [it is] appropriate for the district court to consider extra-pleading evidence in its resolution of the Rule 12(b)(1) motion without first converting the motion into one for summary judgment."[6]

However, Delta first clearly stated that its Motion is brought pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction in its Reply Memorandum.[7]  Unfortunately, as Velasquez had no notice that Delta was moving to dismiss for lack of jurisdiction until the Reply, he did not have full opportunity to present his arguments and evidence on the

---

[5]*Paper, Allied-Industrial, Chemical And Energy Workers Intern. Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).

[6]*Id.* at 1292-93.

[7]*Compare* Def.s' Mot. at 1 (citing "Rule 12 of the Federal Rules of Civil Procedure") *with* Def.'s Reply at 2 (stating Motion is brought pursuant to Rule 12(b)(1)).

issues raised in the Reply.  Because Delta did not timely specify the subsection of Rule 12(b)[8] under which it was bringing the Motion, the Motion must, in fairness to Velasquez, be considered as one under 12(b)(6).

A motion under Fed. R. Civ. P. 12(b)(6) does not preclude consideration of all matters outside the Complaint.  In considering the affirmative defense of discharge in bankruptcy, it is appropriate to look at public documents relating to the bankruptcy proceeding, such as the Confirmation Order, without conversion to summary judgment.[9] Thus, the "Court is free to consider matters outside the Complaint such as a Bankruptcy Confirmation without converting a motion to dismiss into one for summary judgment."[10]

In the present case, Velasquez responded to the Motion with his own exhibit regarding notice.  He submitted a copy of the Delta bankruptcy mailing matrix of creditors, showing he was not on that list.[11]  This is a public document in the Delta bankruptcy case and could be considered without converting a 12(b)(6) motion to one for summary judgment.

---

[8]All citations herein to subsections of Rule 12 refer to Fed. R. Civ. P. 12.

[9]*Compliant Rx Solutions Inc. v. XO Communications*  2006 WL 999971, 1 (E.D. Pa. 2006) (considering public records of bankruptcy in 12(b)(6) motion but denying motion to dismiss based on affirmative defense of discharge in bankruptcy because record insufficient to determine if plaintiff was known creditor).

[10]*Conroy v. Delta Air Lines, Inc.*, 2008 WL 1994830, 1 (S.D. Fla. 2008) (granting 12(b)(6) motion to dismiss ADA discrimination claim based upon bankruptcy discharge without converting motion to one for summary judgment).

[11]Pl.s' Ex. 1.

However, Delta's Reply attaches an affidavit and an attached exhibit that show that Velasquez was mailed the Bar Date Notice and Blank Proof of Claim.[12]  These are not public documents that could be considered without converting the case to one for summary judgment.  Further, Velasquez did not have an opportunity to address Delta's affidavit and attached exhibits because they were filed with Delta's Reply.  For the same reason, Velasquez has not had the opportunity to file any responsive materials on the issue raised by the affidavit and attached exhibit.

Accordingly, the Court will convert the Motion to one for summary judgment for the purpose of allowing Velasquez to file any matters outside the complaint and not just matters of public record.

### III. FORUM TO DETERMINE AFFIRMATIVE DEFENSE

In its Reply, Delta also argues that the bankruptcy court is the appropriate forum to determine Velasquez' pre-confirmation claims of discrimination and his allegation that he did not receive notice of the claims bar date because he was omitted from Delta's bankruptcy's mailing matrix.

The Court does not agree.  Nothing in the Complaint or Velasquez' arguments raises issues of *dischargeability*, some bases for which are within the exclusive jurisdiction of the bankruptcy court.[13]  Instead, Delta, as the reorganized entity under a confirmed plan,

---

[12]Def.'s Ex. A and attachment D.

[13]*See, e.g. In re McKendry*, 40 F.3d 331, 335 and n.3 (holding that other than subsections (2), (4), and (6) of 11 U.S.C. § 523(a), bankruptcy courts and "any appropriate nonbankruptcy forum" have concurrent jurisdiction to determine dischargeability of debts).

is raising the entirely different issue of whether Velasquez' claim was discharged by operation of Delta's Confirmation Order, an affirmative defense.[14]

This affirmative defense of "discharge in bankruptcy" is appropriately raised in nonbankruptcy forums.  For example, the cases cited by Delta for the proposition that claims are barred by operation of the Confirmation Order are cases where that affirmative defense was raised in a nonbankruptcy forum.[15]

The nonbankruptcy forum's ability to consider the affirmative defense includes the ability to determine that the debt is not discharged because of lack of notice.  In *Bosiger v. US Airways*,[16] the Fourth Circuit affirmed the trial court's finding the plaintiff's general denial of receipt of mailed notices had not rebutted the presumption that he had received the notices mailed in the bankruptcy case.[17]  Accordingly, the Fourth Circuit affirmed the

---

[14]Fed. R. Civ. P. 8(c)(1).

[15]Def.'s Mem. at 5-6 (citing *e.g.*, *McSherry v. Trans World Airlines, Inc.*,  81 F.3d 739, 740 (8th Cir. 1996) (applying 12(b)(6) standard to dismiss claims filed in federal district court as barred by discharge in bankruptcy) and *Carter v. Safety-Kleen Corp.*, 2007 WL 1180581, 1 (S.D.N.Y. 2007) (applying 12(b)(6) standard and dismissing pro se Title VII and Equal Pay Act claims filed in federal district court as barred by a discharge in bankruptcy)).

[16]510 F.3d 442 (4th Cir. 2007) (applying summary judgment standard to 12(b)(6) motion to find that district court did not error in dismissing claim for pension benefits because claim was discharged where plaintiff failed to file a proof of claim in defendant's second bankruptcy).

[17]*Id*. at 452-53; *see also, In re Blinder Robinson & Company*, 124 F.3d 1238, 1243 (10th Cir. 1997) (holding, in bankruptcy case liquidating assets under Securities Investor Protection Act, "due process does not require that the interested party actually receive the notice").

trial court's dismissal of his claim as extinguished by the confirmation of a plan in the defendant's second bankruptcy.[18]

## IV. ORDER

Based upon the foregoing, it is therefore

ORDERED that pursuant to Fed. R. Civ. P. 12(d), Delta's Motion to Dismiss is converted to one for summary judgment and the Court will consider matters outside the pleading on the issue of Delta's affirmative defense of discharge in bankruptcy. It is further

ORDERED that Delta may file its brief and materials in support by June 15, 2008. Velasquez may file his Opposition and materials in support no later than July 15, 2008. Delta may file an optional reply no later than July 30, 2008. It is further

ORDERED that a party may rely solely on the memoranda and materials already filed if they file a notice to that effect.

DATED   May 29, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[18]*Id*. at 448-49, 452-53.

7